1  VALKYRIE LAW GROUP, P.C.
2  HEATHER L. BLAISE, ESQ. (SBN 261619)
   1 N. State Street, Suite 1500
3  Chicago, IL 60602
4  Telephone: 312-448-6602
   Email: hblaise@valklaw.com
5
   Attorneys for Plaintiff,
6  GABRIELE GALIMBERTI

7

8               UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| GABRIELE GALIMBERTI, an individual, | CASE NO: _____ |
| Plaintiff, | **COMPLAINT FOR COPYRIGHT INFRINGEMENT** |
| v. | |
| AUBREY DRAKE GRAHAM p/k/a DRAKE, an individual, OVO SOUND, an Ontario company, REPUBLIC RECORDS, a New York company, UNIVERSAL MUSIC GROUP, a Netherlands corporation, and DOES 1-10, | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

   Plaintiff GABRIELE GALIMBERTI ("Plaintiff" or "Galimberti"), an individual, by and through his attorneys, Valkyrie Law Group, P.C., as and for his Complaint for Copyright Infringement ("Complaint") against Defendants AUBREY DRAKE GRAHAM p/k/a DRAKE, an individual, OVO SOUND, an Ontario company, REPUBLIC RECORDS, a New York company, UNIVERSAL MUSIC GROUP, a Netherlands corporation, and DOES 1-10, (collectively "Defendants"), alleges as follows:
//

## NATURE OF THE ACTION

1. This lawsuit concerns Defendants' willful, brazen, and extensive unlawful infringement of Plaintiff's exclusive copyright in his photographic portrait image (the "Original Work") contained within the project entitled THE AMERIGUNS (the "Original Work," "Project"), which was created by Plaintiff, Gabriele Galimberti. That Galimberti's iconic and highly distinctive photography style embodied in the Original Work was lifted by Defendants to set the scene of the music video for the song "What Did I Miss?" (the "Infringing Video"), is both an egregious violation of federal law and an affront to Plaintiff, his livelihood, his legacy, and to photographers everywhere.

2. Plaintiff is an internationally renowned photographer whose work spans over 20 years. Plaintiff has produced numerous reports and articles for publications around the world, as well as books, exhibitions, and conferences.

3. Plaintiff has been a National Geographic photographer since 2015.

4. Plaintiff has earned multiple prestigious awards throughout his career, including the World Press Photo 2021 award in the "Portrait Stories" category with THE AMERIGUNS.

5. Plaintiff's work consists of long-term projects, investigating the habits of people around the world, including but not limited to their differences and similarities, peculiarities, and fears.

6. Plaintiff is recognized by his distinct photographic style he has repeated several times throughout his career that involves portraying a person and their objects all arranged in a very precise geometric layout in front or around the subject.

7. Plaintiff employed this particular style in THE AMERIGUNS Project, which consists of a series of 40 portraits taken of U.S. firearm owners posing with their guns.

8. Without the consent of Plaintiff, and without his knowledge, Defendants infringed upon his rights by creating an entire music video scene featuring an unauthorized copy of the Original Work in the Infringing Video.

9. Below, left, is the Original Work. Below, right, is a still image from the Infringing Video. As set forth more fully below, the scene from the Infringing Video intentionally copies the Original Work and is a blatant attempt to appropriate not only the immediately-identifiable and unique look and feel of the Original Work, but also many of the specific copyrightable elements in the Original Work, including:

    a. the arrangement of the weapons on the ground, all parallel;

    b. the position of the subject on the right side of the frame next to a swimming pool;

    c. the portico behind the subject;

    d. the proportion between the space occupied by the composition of the weapons, the swimming pool, the portico, and the sky;

    e. the green lawn area visible on the left, above the swimming pool;

    f. the shape of the roof of the house behind the subject; and

    g. the backlighting with the sun high behind the subject's left shoulder.



10. Defendants' exploitation of Plaintiff's Original Work is particularly troubling for several reasons.

11. The entire theme of the Infringing Video is premised on Plaintiff's THE AMERIGUNS Project. Tellingly the Infringing Video was released on July 4, 2025, American Independence Day to add further relevance to the title of Plaintiff's THE AMERIGUNS Project and to imply, on information and belief, that the Infringing Video was made in collaboration with THE AMERIGUNS Project and/or its author,

Plaintiff.

12. The display of the firearms in the scene in the Infringing Video is so clearly a copy of Plaintiff's Original Work that even before the infringement became known to Plaintiff, several social media commentators and consumers began associating the Infringing Video. *See* J Nolan, *Drake Referencing 'The Ameriguns' in "what Did I Miss" Music Video*, YOUTUBE (Jul. 6, 2025) https://youtu.be/jB5ZMxOt1a4?si=uSfykT2Iwm4Mx890; TheArtRevival, *Did Ameriguns inspire @DrakeOfficial "What Did I Miss"? Gabriele Galimberti's Ameriguns*, YOUTUBE (Jul. 6, 2025) https://youtube.com/shorts/l1LwUCJCOVA?si=xXfGEDS4c56SK5EU.

13. Defendant Aubrey Drake Graham is professionally known for implying hidden meanings in his lyrics and audiovisual works meant to accompany his music.

14. On information and belief, Defendant Graham also selected to affiliate himself with Plaintiff's Original Work for an additional reason, namely that Plaintiff was publicly vilified for his role in a controversial Balenciaga advertisement involving false allegations of glorifying pedophilia.

15. Plaintiff was ultimately publicly vindicated in a defamation lawsuit abroad related to the false accusations arising from the Balenciaga advertisement.

16. During the initial Balenciaga scandal, media articles, websites, posts, and news segments would display Plaintiff's photographs from THE AMERIGUNS Project alongside Plaintiff's photos from the Balenciaga ad.

17. Given Kendrick Lamar's lyrics directed as calling Defendant Graham a pedophile and Defendant Graham's now dismissed defamation lawsuit, on information and belief, Defendant Graham sought to imply that he, like Plaintiff, would be publicly exonerated.

18. Plaintiff is a serious professional, addressing serious themes. His work hangs in galleries, museums, graces serious print literature, and his career depends upon the respect and admiration of dealers, collectors and critics of contemporary and documentary art. By the forced and unauthorized association of his work with the

Infringing Video, the integrity of his work and his reputation as a photographer has been damaged.

19. Accordingly, as set forth more fully below, Plaintiff seeks damages and equitable relief for direct, contributory and vicarious copyright infringement, arising from the creation and unlawful use of a substantially similar copy of his Original Work in violation of the United States Copyright Act, 17 U.S.C. § 101 et seq. (the "Copyright Act").

## PARTIES, JURISDICTION, AND VENUE

20. Plaintiff GABRIELE GALIMBERTI is an Italian citizen and domiciled in Arezzo, Tuscany, Italy. His work has been exhibited internationally in commercial galleries and non-profit institutions.

21. Defendant AUBREY DRAKE GRAHAM, known professionally as Drake (hereinafter "Graham"), is a Canadian rapper, singer, and actor, and is a dual citizen of Toronto, Ontario, Canada, and Houston, Texas, United States.

22. Defendant OVO SOUND ("OVO Sound") is a Canadian record label, music production, and entertainment company organized and existing under the laws of the Province of Ontario, Canada, with its principal place of business located in Toronto, Ontario. Upon information and belief, OVO Sound is engaged in the business of recording, producing, distributing, and promoting sound recordings, musical compositions, and audiovisual works through various digital and physical media platforms.

23. At all relevant times, OVO Sound has derived substantial revenue from the commercial exploitation of copyrighted musical works and sound recordings in interstate and international commerce, including sales, streams, and public performances of such works within the United States. Accordingly, OVO Sound has purposefully availed itself of the privileges and protections of U.S. copyright law and is subject to the jurisdiction of this Judicial District.

24. Defendant REPUBLIC RECORDS ("Republic Records") is, upon

information and belief, a domestic record label and music entertainment company organized and existing under the laws of the State of New York, with its principal place of business located at 1755 Broadway, New York, New York 10019. Republic Records is engaged in the business of producing, marketing, distributing, and promoting musical sound recordings, audiovisual works, and related materials for commercial sale and streaming in interstate and international commerce. Republic Records is a wholly owned subsidiary and operating division of Defendant Universal Music Group, and, at all relevant times, acted within the course and scope of that relationship.

25. At all relevant times, Republic Records has purposefully directed its business activities toward consumers throughout the United States, including the creation and dissemination of promotional content, album artwork, and other media materials that incorporate copyrighted works. Republic Records has derived substantial revenue from such activities and is therefore subject to the personal jurisdiction of this Judicial District.

26. Defendant UNIVERSAL MUSIC GROUP ("UMG") is, upon information and belief, a multinational music corporation organized and existing under the laws of the Netherlands, with its principal executive offices located in Hilversum, Netherlands, and U.S. headquarters located in Santa Monica, California. UMG, directly and through its subsidiaries and affiliates—including Defendant Republic Records—engages in the worldwide production, marketing, distribution, and commercialization of sound recordings, musical compositions, music videos, and related audiovisual and digital content.

27. Upon information and belief, Doe Defendants are one or more individuals or entities who participated in, facilitated, encouraged, and/or had supervisory authority over, the infringement set forth herein and are therefore wholly or partially liable therefor.

28. At all times herein mentioned, all Defendants, individually and collectively, are and were agents and/or joint venturers of each other, and in doing the

COMPLAINT FOR COPYRIGHT INFRINGEMENT

acts alleged herein were acting within the course and scope of such agency.

29. Each Defendant had actual and/or constructive knowledge of the acts of the other Defendant as described herein, and ratified, approved, joined in, acquiesced in, and/or authorized the acts of the other, and/or retained the benefits of said acts.

30. Plaintiff alleges that Defendants, individually and/or jointly, have infringed Plaintiff's exclusive rights under the Copyright Act, 17 U.S.C. § 501 et seq., by reproducing, distributing, displaying, and/or otherwise exploiting copyrighted material owned by Plaintiff without authorization, license, or consent. Plaintiff further alleges that the Defendants' infringing conduct was willful and undertaken with knowledge or reckless disregard of Plaintiff's rights, and that Defendants have profited directly and indirectly from such infringing acts.

31. This Court has subject matter jurisdiction over this action pursuant to 17 U.S.C. § 501 (copyright infringement), 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1338(a) (acts of Congress relating to copyrights).

32. This Court has personal jurisdiction over the Defendants because each Defendant regularly transacts or solicits business in California, has committed a tortious act in California, or has committed a tortious act that has caused damage to the Plaintiff in this state.

33. This Court has personal jurisdiction over each Defendant in that, among other things, each Defendant does business in this Judicial District, and Plaintiff does business and is suffering harm in this Judicial District.

34. Venue is appropriate in this district pursuant to 28 U.S.C. §§ 1391(a)-(b) and 28 U.S.C. § 1400(a).

### FACTS RELEVANT TO ALL COUNTS

**A. Plaintiff and the Original Work**

35. Plaintiff is an Italian citizen and is domiciled in Arezzo, Tuscany, Italy.

36. Plaintiff's Original Work was first published on April 24, 2020 in a magazine publication called "7" which comes out on Fridays as a supplement to the

Italian Corriere della Sera newspaper and which was not simultaneously published online. As a result, the Original Work is exempted from filing for United States Copyright registration under 17 U.S.C. § 104; see also Berne Convention for the Protection of Literary and Artistic Works, Sept. 9, 1886, as last revised July 24, 1971 and amended Sept. 28, 1979, S. Treaty Doc. No. 99-27, 1161 U.N.T.S. 30.

37. As a result of Plaintiff's commercial success in THE AMERIGUNS Project, including specifically the Original Work, Plaintiff and the Project were widely covered and praised in the U.S. and foreign press.

38. Plaintiff was interviewed several times about THE AMERIGUNS Project by U.S. news channels, including an interview with CNN following the May 24, 2022 Robb Elementary School shooting in Uvalde, Texas.

39. Defendant Graham resides at least part of the time in Texas.

40. As a result of the wide public coverage and notoriety of Plaintiff's THE AMERIGUNS Project and the Original Work, in particular, Defendants had access to the Original Work.

41. The Original Work is an original work of authorship, fixed in a tangible medium of expression, containing substantial amounts of Plaintiff's original creativity, and are therefore copyrightable works under the Copyright Act.

**B. The Infringing Video**

42. On July 4, 2025, American Independence Day, the Infringing Video was released by Defendants as part of a Livestream Premiere on YouTube's Livestream.

43. The Infringing Video entitled "What Did I Miss" features Defendant Graham rapping about his public feud with Kendrick Lamar in front of a display of guns designed to be substantially similar to an image from Plaintiff's THE AMERIGUNS Project. The Infringing Video is 4:02 minutes long, and consists of 1 minute and 37 seconds featuring Defendant's copy of Plaintiff's Work. The Infringing Video is available at https://youtu.be/weU76DGHKU0?si=mXaSGKxSUDNEVMA0.

44. As of the date of this filing, the Infringing Video has had 19,425,704

Views on YouTube and Defendant Graham has 31.7 Million YouTube Subscribers.

45. On information and belief, Defendants have earned significant income from the monetization of the Infringing Video on social media platforms, including YouTube.

46. Plaintiff was alerted to the misuse of the Original Work in the Infringing Video by acquaintances who were surprised to see what they assumed to be his willing participation.

47. Plaintiff has suffered, and continues to suffer, from the infringing activities of the Defendants, including without limitation from Defendants' usurping of Plaintiff's right to control the publication and commercial use of the Original Work, Defendants' failure to pay any license fees commensurate with the value of their video and promotional use of the Original Work and/or its unauthorized copies, and Defendants' failure to account for or disgorge the profits directly and indirectly attributable to their misconduct.

48. In addition, Defendants' actions have caused significant harm to Plaintiff and the Original Work, thereby significantly damaging the value of the Original Work, all of the Plaintiff's other works, and the value of any licenses for his photography in the relevant markets.

## COUNT I

## DIRECT COPYRIGHT INFRINGEMENT

*Against All Defendants*

49. Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 48 of this Complaint as if fully set forth herein.

50. The acts of the Defendants constitute infringement of Plaintiff's copyright and exclusive rights under copyright in the Original Work in violation of the Copyright Act, 17 U.S.C. § 106.

51. Upon information and belief, the foregoing acts of infringement by Defendants have been willful, intentional, and purposeful, in disregard of and

indifference to Plaintiff's rights.

52. The infringement of Plaintiff's rights in the Original Work constitutes a separate and distinct act of infringement.

53. In creating and broadcasting the Infringing Video, Defendants have infringed on Plaintiff's exclusive right to make a copy, reproduce, publicly display, publicly perform, distribute, and/or to create derivative works of the Original Work.

54. As a direct and proximate result of Defendants' foregoing acts, the Plaintiff is entitled to actual damages and disgorgement of the Defendants' profits attributable to the infringement, pursuant to 17 U.S.C. § 504.

55. Unless and until the Defendants' ongoing conduct with respect to the Infringing Commercial is enjoined by this Court, such conduct will continue to cause irreparable injury to Plaintiff's legacy and the integrity of the Original Work that cannot fully be compensated for or measured in money, and Plaintiff is accordingly also entitled to an injunction pursuant to 17 U.S.C. § 502, prohibiting further infringement of his exclusive rights under copyright.

## COUNT II

### VICARIOUS COPYRIGHT INFRINGEMENT

*Against All Defendants*

56. Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 48 of this Complaint as if fully set forth herein.

57. The acts of the Defendants constitute vicarious infringements of Plaintiff's copyright and exclusive rights under copyright in the Original Work in violation of the Copyright Act, 17 U.S.C. § 106.

58. Upon information and belief, the foregoing acts of vicarious infringement by Defendants have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

59. The infringement of the Plaintiff's rights in each of the Original Works constitutes a separate and distinct act of infringement.

60. In creating and broadcasting the Infringing Video, Defendants have infringed on Plaintiff's exclusive right to make a copy, reproduce, publicly display, publicly perform, distribute, and/or to create derivative works of the Original Work.

61. As a direct and proximate result of Defendants' foregoing acts, Plaintiff is entitled to actual damages and disgorgement of the Defendants' profits attributable to the infringement, pursuant to 17 U.S.C. § 504.

62. Unless and until the Defendants' ongoing conduct with respect to the Infringing Video is enjoined by this Court, such conduct will continue to cause irreparable injury to the Plaintiff's legacy and the integrity of the Original Work that cannot fully be compensated for or measured in money, and Plaintiff is accordingly also entitled to an injunction pursuant to 17 U.S.C. § 502, prohibiting further infringement of his exclusive rights under copyright.

## COUNT III

## CONTRIBUTORY COPYRIGHT INFRINGEMENT

*Against All Defendants*

63. Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 48 of this Complaint as if fully set forth herein.

64. The acts of the Defendants constitute contributory infringements of Plaintiff's copyright and exclusive rights under copyright in the Original Work in violation of the Copyright Act, 17 U.S.C. § 106.

65. Upon information and belief, the foregoing acts of contributory infringement by Defendants have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

66. The infringement of Plaintiff's rights in the Original Work constitutes a separate and distinct act of infringement.

67. In creating and broadcasting the Infringing Video, Defendants have infringed on Plaintiff's exclusive right to make a copy, reproduce, publicly display, publicly perform, distribute, and/or to create derivative works of the Original Work.

68. As a direct and proximate result of Defendants' foregoing acts, Plaintiff is entitled to actual damages and disgorgement of the Defendants' profits attributable to the infringement, pursuant to 17 U.S.C. § 504.

69. Unless and until the Defendants' ongoing conduct with respect to the Infringing Video is enjoined by this Court, such conduct will continue to cause irreparable injury to Plaintiff's legacy and the integrity of the Original Work that cannot fully be compensated for or measured in money, and Plaintiff is accordingly also entitled to an injunction pursuant to 17 U.S.C. § 502, prohibiting further infringement of his exclusive rights under copyright.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff GABRIELE GALIMBERTI respectfully requests that this Honorable Court enter judgment in Plaintiff's favor and against Defendants as follows:

a. Declaring, pursuant to 28 U.S.C. §§ 2201 and 2202, that Defendants' creation of an unauthorized copy of the Original Work of Plaintiff, unauthorized duplication, public display, distribution, and sale of the Infringing Video, infringes the Plaintiff's copyright in the Original Work, in violation of the Copyright Act;

b. Granting a permanent injunction prohibiting Defendants from further infringement of the Plaintiff's copyrights, including further airing of, or making available to the public, the Infringing Video, and further production or transfer of the Infringing Video or any infringing images of the Original Work, including but not limited to promotional materials;

c. Awarding the Plaintiff the actual damages he has suffered in connection with damage to Plaintiff's reputation and the market for Plaintiff's works, including the Original Work, the licensing fees Plaintiff would have charged had Defendants sought Plaintiff's permission, and the profits directly and indirectly attributable to the Defendants from the

infringement in the Infringing Video;

d. Such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands trial by jury on all issues so triable.

DATED: November 12, 2025            Respectfully submitted,

**GABRIELE GALIMBERTI**

_/s/   Heather L. Blaise_

HEATHER L. BLAISE, ESQ. (SBN 261619)

*Attorney for Plaintiff*